**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4726**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

COURTNEY CORTEZ FOYE,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:14-cr-00065-D-1)

Submitted: August 1, 2017                             Decided: October 2, 2017

Before MOTZ, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Courtney Cortez Foye pled guilty without a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 180 months' imprisonment. During sentencing, the district court announced that if the Armed Career Criminal Act did not apply, it would impose a 120-month sentence. Foye appealed, but based on the Government's unopposed motion to remand for resentencing, we vacated Foye's sentence and remanded for resentencing in light of our decisions in *United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016) and an unpublished case. On remand, no longer applying the Armed Career Criminal Act, the district court imposed a 120-month sentence. Foye appeals, challenging the procedural and substantive reasonableness of the sentence. We affirm.

Following remand, the probation officer updated Foye's presentence report, the parties submitted sentencing memoranda, and the district court conducted a resentencing hearing. The district court calculated an advisory Guidelines range of 41 to 51 months' imprisonment. However, upon determining that Foye's criminal history category underrepresented the violent nature of his criminal history and assessing the likelihood of recidivism, the court departed upward, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2015), raising Foye's total offense level by ten levels with a Guidelines range of 110 to 120 months' imprisonment. The district court then imposed a 120-month sentence—the statutory maximum—explaining that Foye's criminal history and the nature of the instant offense justified the departure and sentence.

Foye first contends that his sentence is procedurally unreasonable because the district court announced an alternative 120-month sentence during his first sentencing hearing without following proper procedures. Foye argues that there is no authority for such an alternative sentence; that the alternative sentence did not serve any legitimate purpose; and that by first announcing the alternative sentence without sufficient explanation and later imposing it on remand, the district court had predetermined his sentence and in effect resentenced him without consulting the appropriate Guidelines range or the 18 U.S.C. § 3553(a) (2012) factors.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In the first step of our reasonableness analysis, we consider whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Preserved claims are reviewed for abuse of discretion, and if we find significant procedural error, reversal is required unless the error was harmless. *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010).

Because Foye preserved his objection by arguing against an upward departure, we review for abuse of discretion. *See id.* We note first, however, that the propriety of the district court's announcement of an alternative sentence at Foye's first sentencing is not properly before us. We vacated the initial sentence on the Government's motion and

3

remanded for resentencing. The district court conducted a thorough resentencing, considering an amended presentence report, new sentencing memoranda from the parties, and allocution from Foye. The court announced and heard from counsel on its proposed upward departure, explained the departure, and determined a new postdeparture Guidelines range. The court also explained the sentence in light of the 18 U.S.C. § 3553(a) sentencing factors, and considered Foye's recent religious conversion and postconviction conduct. In all this, the court made no reference to the alternative sentence announced at the initial sentencing. While it is true that the district court ultimately ended up at the same sentencing point—120-months' imprisonment—our review is of the propriety of that second sentencing procedure rather than the first. Having completed that review, we perceive no significant procedural error and conclude that Foye's sentence is procedurally reasonable.

Foye next argues that his sentence is substantively unreasonable because both the court's decision to upwardly depart andthe extent of that departure were unwarranted. Foye complains that the district court focused extensively on his early criminal history while failing to consider numerous mitigating factors. He further contends that his criminal history category already accounted for his convictions because he did not have any prior unscored offenses that typically form the basis for an upward departure pursuant to USSG § 4A1.3, p.s.

We consider the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51; *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). "When reviewing a departure, we consider whether the sentencing court

4

acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). "[We] owe[] due deference to a district court's assessment of the § 3553(a) factors, and mere disagreement with the sentence below is insufficient to justify reversal of the district court." *Id.* at 531 (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in departing from Foye's advisory Guidelines range and imposing a term of 120 months' imprisonment. The district court discussed each of Foye's convictions and concluded that an upward departure was warranted in light of Foye's lengthy criminal history, the violent nature of his crimes, the lenient sentences he had received in the past, and his failure to modify his criminal behavior. Although Foye did not have any of the unscored violations that sometimes form the basis for such a departure, *see* USSG § 4A1.3(a)(2)(A)-(C), p.s., cmt. 2(A)(i)-(iii), the district court was nonetheless justified in considering these other factors, *see* USSG § 4A1.3, p.s., cmt. 2(B), background. Additionally, the district court was only authorized—not required—to depart downward to account for for the time Foye served in state prison for the same offense conduct. *See* USSG § 5K2.23, ps. Therefore, both the district court's decision to depart and the extent of the departure are reasonable.

The district court also reasonably applied the 18 U.S.C. § 3553(a) factors. The district court considered the nature of the offense, Foye's criminal history, and numerous other relevant factors in concluding that the 120-month sentence was necessary. The court specifically referenced mitigating factors, such as Foye's religious conversion and

5

postconviction behavior, in its discussion of the § 3553(a) factors, but found Foye's behavior in a noncustodial setting more telling. We therefore hold that the 120-month sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented before this court and argument would not aid the decisional process.

*AFFIRMED*